The President.
There appear to be many imperfections in this record, from the institution of the suit to its final decision in the District Court. . The declaration states a promise by the testator, to give the plaintiff as much, as he should give to any of his own children; and a breach of this promise is alleged, without avering, kozv much he gave to either of his own children, or to what the plaintiff’s claim amounted.
The plea is non assumpsit within five years, without saying before the institution of the suit; so that strictly, it must refer to the time of the plea, which was in October, 1787 ; and it concludes to the country, instead of the Court, by which the plaintiff was precluded from bringing himself within the benefit of some ©f the exceptions to the act of limitations, by a replication.
*169 The jury find one issue for the plaintiff, and the other for the defendant, and yet give damages to the plaintiff, upon which judgment is rendered by the Court
The bill of exceptions, (which is not sealed by the Court,) states very imperfectly the record offered in evidence, and does not state that the Court gave any opinion upon the subject.
The District Court merely reverse the judgment, without dismissing the suit, directing a new trial, or awarding a repleader.
The latter this Court would have directed, if they had found in the record any good pleading to begin at. But the declaration is too faulty to be sustained. The breach assigned is not sufficient, as it does not aver the quantity or quality of the gifts made by the testator to his own children, or at what time they were made, so as to reduce the demand to some kind of certainty.
This might have been aided by .verdict, if that had been rendered upon the trial of a proper issue ; but when we are seeking for a good foundation, upon which to erect future pleadings, and find all defee= five, including the declaration Itself, the uncertainty cannot be cured. In giving the judgment, therefore, which the District Court .ought to have given, we must dismiss the suit with costs. (1) .

 Shelton v. Pollock, Hen. & Munf. 427 Hill v. Harvey, 2 Munf. 595 and the cases in the note. Green v. Bailey, 5 Munf. 251.